**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PETER A. PHILLIPS,                          :
                                            :     Civil Action No. 05-433 (RBK)
              Petitioner,                   :
                                            :
              v.                            :          **O P I N I O N**
                                            :
JOHN NASH, WARDEN, et al.,                  :
                                            :
              Respondents.                  :


**APPEARANCES:**

        PETER A. PHILLIPS, Petitioner pro se
        # 47309-066
        F.C.I. Oakdale
        P.O. Box 5000
        Oakdale, Louisiana 71463-5000

**KUGLER**, District Judge

        This matter comes before the Court upon pro se Petitioner,

Peter A. Phillips' ("Phillips") motion for reconsideration of

this Court's December 12, 2005 Opinion and Order denying

Phillips' petition for a writ of habeas corpus under 28 U.S.C. §

2241.  Phillips submitted this motion for reconsideration on or

about January 3, 2006.  The respondents did not file an

opposition to the motion.

        This motion is decided without oral argument pursuant to

Federal Rule of Civil Procedure 78.  For the reasons stated

below, the motion for reconsideration is denied.

## I.  <u>BACKGROUND</u>

In January 2005, Phillips filed a § 2241 petition challenging (a) the calculation of his good conduct time; (b) the Bureau of Prisons' ("BOP") higher Public Safety Factor ("PSF") classification of petitioner based on an immigration detainer lodged against him by Immigration and Customs Enforcement ("ICE"); and (c) the BOP's classification of petitioner as an alien subject to deportation when petitioner has a pending application for naturalization.[1]  Phillips also filed an "addendum" to his habeas petition on November 2, 2005, which this Court construed as a request for immediate deportation.

On December 12, 2005, this Court entered an Opinion and Order dismissing the petition.  (Docket Entry Nos. 6 and 7). Phillips alleges that he did not receive the Opinion and Order until December 28, 2005.  He submitted his motion for reconsideration on January 3, 2006.[2]  The motion seeks

_____

[1]  Phillips also sought to enjoin the BOP from transferring him to an immigration deportation center while his petition was pending.  However, Phillips was transferred to F.C.I. Oakdale in April 2005 rendering the motion moot.

[2]  Phillips' motion is dated January 3, 2006, but the motion was not received by the Court until January 12, 2006.  However, giving Phillips the benefit of all inferences related to the date he filed his motion, the Court finds that Phillips "filed" his motion on the date he handed it to prison officials to be mailed to the Court for filing.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Burns v. Morton</u>, 134  F.3d 109, 113 (3d Cir. 1998)(incorporating the "mailbox rule" for habeas petitions submitted by inmates confined in an institution).  Since the Court does not know the actual date that Phillips handed his

reconsideration with respect to Phillips claim regarding immediate deportation.  Phillips states that the Court misconstrued his request for relief, namely, that he was not seeking immediate deportation.  Rather, Phillips seeks his immediate release from confinement on February 21, 2006, when his federal prison sentence expires.

## II.  ANALYSIS

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See

_____

motion papers to prison officials for mailing, the Court will use the date petitioner signed and dated his motion, January 3, 2006.

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The

movant has the burden of demonstrating either: "(1) an

intervening change in the controlling law; (2) the availability

of new evidence that was not available when the court [issued its

order]; or (3) the need to correct a clear error of law or fact

or to prevent manifest injustice."  Max's Seafood Café v.

Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins.

Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its

prior decision has overlooked a factual or legal issue that may

alter the disposition of the matter.  Compaction Sys. Corp., 88

F. Supp.2d at 345; see also L.Civ.R. 7.1(g).  "The word

'overlooked' is the operative term in the Rule."  Bowers, 130 F.

Supp.2d at 612 (citation omitted); see also Compaction Sys.

Corp., 88 F. Supp.2d at 345.

    Ordinarily, a motion for reconsideration may address only

those matters of fact or issues of law which were presented to,

but not considered by, the court in the course of making the

decision at issue.  See SPIRG v. Monsanto Co., 727 F. Supp. 876,

878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus,

reconsideration is not to be used as a means of expanding the

record to include matters not originally before the court.

Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel

and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992);

4

Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279
(D.N.J. 1988).  Absent unusual circumstances, a court should
reject new evidence which was not presented when the court made
the contested decision.  See Resorts Int'l, 830 F. Supp. at 831
n.3.  A party seeking to introduce new evidence on
reconsideration bears the burden of first demonstrating that
evidence was unavailable or unknown at the time of the original
hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298,
1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate
arguments which the court has already considered.  See G-69 v.
Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference
of opinion with the court's decision should be dealt with through
the normal appellate process.  Bowers, 130 F. Supp.2d at 612
(citations omitted); Florham Park Chevron, Inc. v. Chevron
U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also
Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318
(D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co.,
935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ...
may not be used to re-litigate old matters, or to raise arguments
or present evidence that could have been raised prior to the
entry of judgment.").  In other words, "[a] motion for
reconsideration should not provide the parties with an

opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Phillips contends that the Court mistakenly construed the addendum to his petition as seeking immediate deportation. Instead, Phillips asserts that he was merely seeking his immediate release from confinement upon expiration of his federal prison sentence on February 21, 2006.

While it may be that Phillips was seeking release from confinement after his federal sentence expired, rather than immediate deportation before the end of his prison term, the Court nevertheless finds that reconsideration is not warranted because this distinction would not alter the ultimate disposition of the matter. Phillips admits that he is under a deportation order and that an immigration detainer was placed on him to turn him over to ICE custody when his federal sentence expires. The BOP has transferred Phillips to an immigration detention center to serve the remainder of his prison term. Once his term expires, then the ICE may retain petitioner in custody pending his removal according to federal statute. 8 U.S.C. § 1231.

Thus, Phillips has not satisfied the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to

6

prevent a manifest injustice.  Therefore, Phillips' motion for reconsideration will be denied.

### III. <u>CONCLUSION</u>

For the reasons expressed above, Phillips' motion for reconsideration will be denied.  An appropriate Order follows.


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge
Dated:  February 16, 2006

7